■ In the Matter of the Claim of NAOMI C. BRINK, Respondent, v. BOARD OF NATIONAL MISSIONS OF THE UNITED PRESBYTERIAN CHURCH, USA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed January 8, 1968, awarding compensation death benefits to the claimant. The deceased was an executive officer of the employer and died as a result of an acute coronary insufficiency (heart attack) on June 21, 1964. The board found that the deceased's employment during the week preceding his death "subjected him to long hours and arduous work without preper [*sic*] rest and the traveling in excessively hot climatic conditions, superimposed upon the pre-existing condition, resulted in the fatal heart attack sustained." There was evidence before the board that the work activity was such as to be physically a strain on the decedent, superimposed upon a pre-existing heart condition, and there was testimony that he was at times fatigued. Some slight evidence of emotional strain or stress was introduced, but there is no substantial evidence of any intense emotional strain within the meaning of *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506, 511). (See, also, *Matter of Sandroff* v. *Bakery & Confectionery Workers Union Local No. 3,* 29 A D 2d 585.) The claimant's expert found a causal connection between the work efforts in the week preceding death and the coronary insufficiency. This opinion was based upon "intensive work and effort under pressure which, according to your hypothetical question, was laden with *considerable conflict, frustration, and unpleasantness*". (Emphasis supplied.) When interrogated as to any single event, the doctor replied as to one particular act "I would say that the traveling of the day prior to his death under excessively hot climatic conditions would be particularly deleterious. Otherwise, I would have no one particular act during the preceding week." While the present record contains some evidence of a deep disappointment on the part of the decedent during the week, there is no substantial evidence of any particular emotional events to support a finding of any particular mental strain or stress. A reading of the answer of the doctor to the hypothetical question is convincing that the slant of his testimony was not to physical effort, as such, but to "a stress effect". This is not what the board found. While it may be possible to prove that the strenuous work effort was causally related to the death, the present record does not contain sufficient medical evidence of such causal connection. Upon remittal it may be possible to produce such medical evidence, or enlarge upon testimony as to mental stress or strain, or both. Decision reversed, with costs to appellants

against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.